```
                UNITED STATES DISTRICT COURT
                         FOR THE
                    DISTRICT OF VERMONT
```

Chukwuma E. Azubuko,            :
        Plaintiff,              :
                                :
        v.                      :       File No. 1:09-CV-6
                                :
Liberty Mutual Insurance        :
Company,                        :
        Defendant.              :

## OPINION AND ORDER
### (Paper 1)

Plaintiff Chukwuma Azubuko, proceeding *pro se*, seeks to bring an action against Liberty Mutual Insurance Company for events relating to the threatened cancellation of his automobile insurance policy. Pending before the Court is his motion to proceed *in forma pauperis*.

Azubuko has filed at least four actions in this Court within the past year. Each of his prior cases was dismissed for lack of jurisdiction and/or improper venue. Those same issues plague his current filing. The plaintiff is a Massachusetts resident, and all material events appear to have taken place in that state. As in his previous cases, there is no indication of a factual or legal connection to the State of Vermont.

In the ordinary case, the Court would simply transfer the action to the appropriate jurisdiction. This case, however, is unique. "Currently, there is a standing order in the District of Massachusetts prohibiting [Azubuko] from filing actions without leave of the court and automatically dismissing any actions

transferred to the District of Massachusetts from other districts in which [Azubuko] filed to circumvent the order." Azubuko v. Judge of the U.S. Court of Appeals for the First Circuit, 2008 WL 1990829, at *2 (E.D.N.Y. May 2, 2008). Accordingly, if this case is transferred it will most likely be automatically dismissed.

Notwithstanding the fact that there is a standing order for automatic dismissal in the event of a transfer, a transfer remains a perfectly legitimate option. Dismissal may also be warranted, and indeed preferable in light of Azubuko's litigation history.

The plaintiff's pattern of frivolous and vexatious litigation is well known. One recent decision found that Azubuko has filed a "total of 233 actions nationwide in various federal district and appellate courts." Azubuko v. Sandofsky, 2008 WL 1991091, at *2 (E.D.N.Y. May 5, 2008). In addition to the standing order in the District of Massachusetts, Azubuko has been warned by the Second Circuit Court of Appeals that "any future frivolous filings [there] may result in sanctions, which may include monetary sanctions or prohibition from further filings of this Court." Azubuko v. Giorlandino, 2000 WL 553184, at *1 (2d Cir. May 2, 2000).

This Court has previously warned Azubuko that "it will not tolerate frivolous litigation, and that future frivolous filings will result in an order barring acceptance of complaints without

first obtaining leave from the Court." Azubuko v. McCabe, 2008 WL 4793723, at *1 (D. Vt. Oct. 28, 2008) (citing In re Martin-Trigona, 9 F.3d 226, 227-29 (2d Cir. 1993)). Accordingly, it should already have been clear to the plaintiff that filings in this Court in which there is no basis for either jurisdiction or venue will no longer be tolerated. The instant action is therefore DISMISSED.

While dismissal is without prejudice, any future filing of this same action in this Court will be met with a monetary sanction. Future filings of any sort by Azubuko will not be permitted without prior leave of the Court. If such filings are deemed by the Court to be of a frivolous or vexatious nature, Azubuko may be subject to additional sanctions.

Azubuko's motion for leave to proceed *in forma pauperis* (Paper 1) meets the requirements of 28 U.S.C. § 1915 and is GRANTED. However, the case is DISMISSED without prejudice, subject to the sanctions and warnings set forth above.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 23rd day of January, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge